IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

2024-1 IH BORROWER LP,

    Plaintiff,

  v.

CARLOS SHAW,

    Defendant, *pro se*.

CIVIL ACTION FILE NO.

4:26-CV-00165-WMR-JHR

## ORDER AND
## <u>FINAL REPORT AND RECOMMENDATION</u>

Defendant Carlos Shaw is facing a dispossessory proceeding in the Magistrate Court of Paulding County, Georgia, and seeks to remove [1-1] that case to this Court.  This matter is before the Court on the defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1].

Because the defendant has shown an inability to pay the removal fee, the Court **GRANTS** the Application [1].[1]  However, service of process shall not issue at this time, as the Court must determine if removal is proper.  *Nat'l Parks*

---

[1]The defendant failed to sign the IFP Application (*see* Appl. [1] at 1), so the Court grants the Application for the purposes of remand only.

*Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003) (federal courts must dismiss an action sua sponte if subject matter jurisdiction is lacking). For the reasons set forth below, the undersigned **REPORTS** that the Court does not have subject matter jurisdiction over this case and **RECOMMENDS** that it be **REMANDED** to the to the Magistrate Court of Paulding County pursuant to 28 U.S.C. § 1447(c).

## I.    <u>DISCUSSION</u>

A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must establish that the court has "original jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). Removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, *Nat'l Parks Conservation Ass'n*, 324 F.3d at 1240.

Original jurisdiction arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(a)-(b). Generally, diversity jurisdiction is established by demonstrating that the amount in controversy exceeds $75,000 and all plaintiffs are

diverse from all defendants. *See id.* § 1332(a)(1). However, removal on the basis of diversity is barred if the "defendant[] is a citizen of the State in which [the] action is brought." *Id.* § 1441(b)(2). Additionally, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction. *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113 (1936); *Buice v. Buford Broad., Inc.*, 553 F. Supp. 388, 389 (N.D. Ga. 1983). Rather, to determine whether a case has been properly removed, the Court must look to the plaintiff's claims. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, the defendant is a legal resident of Georgia; therefore, the Court cannot have diversity jurisdiction over this case. (*See* IFP Appl. 5; Notice of Removal [1-1]; Civil Cover Sheet [1-2].) The "forum-defendant rule" established in § 1441(b)(2) "prohibit[s] removal on the basis of diversity jurisdiction when a defendant is a citizen of the forum state[.]" *Blackout Ent., LLC v. Young King Recs., Inc.*, No. 1:21-CV-05093-WMR, 2022 WL 1694291, at *2 (N.D. Ga. Feb. 1, 2022). Likewise, the defendant has not shown that the amount in controversy exceeds $75,000. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga.

2010) (finding removal improper where defendant failed to show the case involved federal law and failed to include "any allegations regarding the citizenship of either party or the amount in controversy"); *see also id.* at 1382 (observing that "as a matter of law, a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy") (citing *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001)).

Additionally, no federal question appears on the face of the state court complaint. Indeed, the plaintiff brought eviction proceedings in State Magistrate Court (*id.* at 3), which are "exclusively" governed by state law, *Citimortgage, Inc.*, 705 F. Supp. 2d at 1381 (citing O.C.G.A. § 44-7-50). Moreover, neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction. *Gully*, 299 U.S. at 113; *Buice v. Buford Broad., Inc.*, 553 F. Supp. 388, 389 (N.D. Ga. 1983). Thus, the defendant's counterclaims are irrelevant to the issue of jurisdiction. (*See* Notice of Removal [1-1].)

In sum, the defendant has failed to establish either diversity or federal question jurisdiction. This case simply cannot be removed to federal court when the plaintiff filed for eviction in state court on state law grounds.

## II.    CONCLUSION

For the reasons set forth above, the defendant has failed to demonstrate any lawful basis for removal of this case.  Accordingly, the undersigned **GRANTS** the Application [1] and the **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Paulding County, Georgia pursuant to 28 U.S.C. § 1447(c).

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 23rd day of June, 2026.

_____
JOHN H. RAINS IV
UNITED STATES MAGISTRATE JUDGE